PEOPLE v VAN TASSEL (ON REMAND)

Docket No. 153616. Submitted June 25, 1992, at Lansing. Decided December 29, 1992, at 9:20 A.M. Leave to appeal sought.

John L. Van Tassel was convicted by a jury in the Calhoun Circuit Court, Paul Nicolich, J., of first-degree criminal sexual conduct involving his thirteen-year-old daughter and was sentenced to eight to twenty years' imprisonment. He appealed, claiming that the trial court erred in admitting, pursuant to MRE 803(4), hearsay testimony of a nurse who stated that the victim identified the defendant as her rapist in an interview conducted before the victim was examined by a physician because the examination was not undertaken for purposes of medical treatment or diagnosis, but pursuant to a court order issued in a child abuse and neglect proceeding in probate court. The defendant also claimed that the court failed to resolve his challenges to the accuracy of the presentence report before sentencing. In an unpublished opinion per curiam, decided November 12, 1991 (Docket No. 114332), the Court of Appeals, DANHOF, C.J., and GRIFFIN, J. (WAHLS, J., dissenting), affirmed the conviction, but remanded the case for resentencing. The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for reconsideration of the applicability of MRE 803(4) in light of *People v Meeboer (After Remand),* 439 Mich 310 (1992). 440 Mich 856 (1992).

On remand, the Court of Appeals *held:*

1. MRE 803(4), the hearsay exception for statements made for purposes of medical treatment or diagnosis, applies to the nurse's hearsay testimony. The physical examination of the complainant was ordered by the probate court primarily for a determination whether the complainant had sustained injury that required treatment. The identification of the rapist was reasonably necessary to the complainant's medical diagnosis and treatment.

2. The "totality of circumstances" test outlined in *Meeboer*

REFERENCES

Am Jur 2d, Evidence §§ 683-686.
Admissibility of statements made for purposes of medical diagnosis or treatment as hearsay exception under 803(4) of the Federal Rules of Evidence.

for use in determining the trustworthiness of hearsay attributed to a child of tender years for admission under MRE 803(4) does not apply in this case because the complainant was not of tender years. Instead, where such hearsay is attributed to a mature child, there arises a rebuttable presumption that the child understood the need to tell the truth to medical personnel. That presumption was not rebutted in this case. The complainant's statements, as related by the nurse, were sufficiently trustworthy for admission pursuant to MRE 803(4).

Conviction affirmed; remanded for resentencing.

EVIDENCE — HEARSAY — MEDICAL TREATMENT EXCEPTION — CHILDREN.

A statement made to a medical care provider by a child over the age of ten and alleged to be a victim of criminal sexual conduct is entitled to a rebuttable presumption of trustworthiness when assessing whether it can be admitted under the hearsay exception for statements made for purposes of medical treatment or diagnosis (MRE 803[4]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Jon R. Sahli,* Prosecuting Attorney, and *Ronald S. Pichlik,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Richard B. Ginsberg*), for the defendant on appeal.

ON REMAND

Before: WAHLS, P.J., and SAWYER and GRIFFIN, JJ.

GRIFFIN, J. The Supreme Court has remanded this case involving alleged child sexual abuse for our reconsideration in light of *People v Meeboer (After Remand),* 439 Mich 310; 484 NW2d 621 (1992). 440 Mich 856 (1992). Defendant stands convicted by a jury of first-degree criminal sexual conduct, MCL 750.520b(1)(b); MSA 28.788(2)(1)(b), stemming from his sexual penetration of his thirteen-year-old daughter. Previously, in an unpub-

lished opinion per curiam, decided November 12, 1991, (Docket No. 114332) (WAHLS, J., dissenting), we affirmed defendant's conviction and remanded for resentencing, holding, inter alia, that if the trial court erred in admitting hearsay statements made by the victim to her nurse, such error was harmless beyond a reasonable doubt. In support of our harmless error analysis, we relied on *People v Meeboer,* 181 Mich App 365; 449 NW2d 124 (1989), aff'd 439 Mich 310; 484 NW2d 621 (1992), and stated:

> In previous sexual abuse cases, we have held that the erroneous admission of hearsay evidence is harmless error where the evidence is merely cumulative to the competent testimony given by the complainant. *Meeboer, supra; People v Foreman (On Rem),* 179 Mich App 678, 682; 446 NW2d 534 (1989).

Further, we again reiterated that "defendant was entitled to a fair trial, not a perfect one." *Delaware v Van Arsdall,* 475 US 673, 681; 1065 S Ct 1431; 89 L Ed 2d 674 (1986), *People v Weatherspoon,* 171 Mich App 549, 561; 431 NW2d 75 (1988), and *People v Hedelsky,* 162 Mich App 382, 386; 412 NW2d 746 (1987).

In our prior opinion, we did not address the scope of the hearsay exception, MRE 803(4). This omission was intentional and based primarily upon our disagreement with the construction of MRE 803(4) in this Court's opinion in *People v Mosko,* 190 Mich App 204; 475 NW2d 866 (1991), which served as binding precedent. In *Mosko,* the panel attempted to resolve a conflict in this Court concerning the scope of MRE 803(4). In doing so, the *Mosko* panel expressly disagreed with our analysis of the hearsay exception in *Meeboer, supra.*

The Supreme Court has now affirmed *Meeboer,*

and in large part has agreed with our analysis of MRE 803(4) in *Meeboer.* On remand in the present case, we now address "the question of whether the exception embodied in MRE 803(4) applies and, if so, whether the totality of circumstances test, discussed in [*People v Meeboer (After Remand),* 439 Mich 310; 484 NW2d 621 (1992)] should apply in this case where the complainant is thirteen years of age and a presumption might arise that the complainant understood the need to be truthful to examining medical personnel." We again affirm and hold that the thirteen-year-old victim's statements to her nurse were properly admitted into evidence pursuant to the hearsay exception contained in MRE 803(4).

I

The facts of this case, as stated in our previous opinion are as follows:

> The complainant testified that one evening in mid-September 1987, she had just finished taking a bath when defendant, her father, entered the bathroom and locked the door. Defendant then sat on the toilet with his pants unzipped and his penis exposed. Defendant then made the complainant "sit on him, facing him," and engaged her in sexual intercourse. According to the complainant, she knew what defendant was expecting of her because similar events had taken place for about a year. The complainant testified that every other day, defendant would make her lie in bed with him and engage in sexual intercourse.
>
> Defendant refuted these allegations at trial. Defendant took the stand and denied ever having sexual contact or intercourse with his daughter. Defendant also presented an alibi defense. Several witnesses testified that defendant was out of town on a fishing trip on or near the date of the alleged

incident. Furthermore, there was also testimony that defendant and the complainant often argued over defendant's rule that the complainant not date until she turned sixteen.

There was no physical evidence introduced at trial linking defendant to the alleged sexual assault. However, the record reflects that the complainant submitted to a medical examination in November 1987 in connection with a pending neglect and abuse proceeding in probate court. As part of his case in chief, the prosecutor offered the testimony of Dr. David Hickock, the physician who conducted the examination. Hickock testified that the complainant's vaginal tissue exhibited scarring and other marks indicative of repeated acts of sexual penetration.

Also testifying on behalf of the prosecution was Patricia Ann McNees, a licensed practical nurse. Nurse McNees interviewed the complainant approximately one week prior to Dr. Hickock's examination.[1] At issue in this appeal is the following testimony offered by McNess [sic]:

*Q.* And as part of meeting her, did you go through the health interview with her?

*A.* Yes, I did.

*Q.* Did you inquire as to medical complaints, physical complaints, that type of thing?

*A.* Yes.

*Q.* General health type questions?

*A.* That's correct.

*Q.* Did you also inquire of her as to her specific complaint that brought her to the clinic?

*A.* Yes, I did.

*Q.* And do you recall what [the complainant] told you was her specific complaint as to why she came to the clinic?

*A.* Specifically, [the complainant] said the reason she was there was because she had been sexually abused.

---

[1] The physical examination was postponed for seven days after the child victim disclosed during the health interview that she was menstruating.

*Q.* Okay. Did she describe how that came about or who had done that?

*A.* Yes, she did.

*Q.* And how did that come about, according to [her] description?

*A.* According to [the complainant], she said that her father had raped her.

*Q.* Did she describe anything else concerning this situation to you?

*A.* Yes, she did. She explained that she thought the last incident has been about three weeks before the day she came into the clinic and she explained to me that during the course of what had happened, her father would come into her bed or he—she into his bed, and he would start by touching her all over and then would have—put his penis inside of her and have intercourse. Then he would pull out and he would ejaculate or come into a handkerchief while she was present.

At the beginning of trial, the court entertained a motion in limine by defendant to exclude this testimony by McNees. The trial court ruled that the testimony was admissible pursuant to MRE 803(4), the hearsay exception for statements made in connection with medical diagnosis or treatment. Defendant now challenges the court's ruling, arguing that it was prejudicial error entitling him to a new trial.

II

The initial issue raised regarding the applicability of MRE 803(4) is whether the physical examination conducted by Dr. Hickock and the preexamination health interview by nurse McNees were conducted "for purposes of medical treatment or medical diagnosis in connection with treatment." Defendant argues that because neither the child victim nor the allegedly abusive father sought medical treatment for the child, the physical ex-

amination by the physician and the preexamination interview by the nurse must have been conducted for investigative purposes. This issue was vigorously argued below and rejected by the circuit court. We agree with that ruling.

Defendant ignores the fact that this is a case of alleged incest in which the father of the child is charged with the sexual assault. Under these circumstances, we would not expect the abusive parent to seek medical treatment for his child. The child could, but would not be expected to, seek medical treatment on her own initiative. Additionally, and more importantly, defendant overlooks the traditional role played by the probate court as protector of our children. The probate court order signed by Judge Phillip E. Harter is entitled "Order to take minor into custody for a physical examination." It states that the minor is under the jurisdiction of the probate court and that "there are reasonable grounds to believe that the said minor is suspected of being an injured or abused child and should be seen by a physician for purposes of a physical examination to determine if the child has been injured or abused and if such injuries to the child were intentionally or accidentally inflicted." Implicit in the order is an assumption that if the child is found to be injured, the probate court would authorize all necessary medical care and treatment for the minor's recovery and rehabilitation.

In this case, the physical examination ordered by the probate court confirmed that the child victim had been sexually abused. While the physical examination of the minor and the accompanying health interview may have also bolstered the ongoing investigation concerning defendant, we agree with the circuit court that the health and

welfare of the child was the primary motivation for the probate court's order.

In *Meeboer, supra,* the Supreme Court affirmed the admission of hearsay statements that implicated the perpetrator of criminal sexual misconduct in both *Meeboer* and a companion case, *People v Conn.* In affirming the convictions in both *Conn* and *Meeboer,* the Court stated:

> We further find that in these two cases the identification of the assailant was reasonably necessary to the victims' medical diagnosis and treatment.

> In *Conn,* the foundation for admission of the statement of identification was created by a conclusory assertion that the statement of identification was reasonably necessary to diagnosis and treatment. In light of the ambiguity concerning the requirements for admission under prior case law, however, it is appropriate to consider the circumstances surrounding the statement to determine whether the statement was reasonably necessary to diagnosis and treatment.

> The doctor testified that he inquired into the identity of the assailant as an aid for his diagnosis and treatment. He inquired into the identity of the assailant so he could scan for sexually transmitted diseases. Furthermore, since the doctor learned that the assailant was a member of the victim's household, he in fact began her future treatment by alerting the authorities. The mother was incapable of protecting her daughter from the assaults of the defendant. Had she been more capable, the information gleaned by the doctor could have alerted her to the immense problem in her own household and been used by her to ensure that her daughter healed and did not suffer any more physical or emotional abuse.

> The fact that child protective services were alerted does not turn the question of the assailant's identity into an issue of social disposition. The victim was removed from her home and al-

lowed to physically heal. She began psychological therapy, and was at the time of trial receiving therapy. Treatment and removal from an abusive environment is medically beneficial to the victim of a sexual abuse crime and resulted from the victim's identification of the assailant to her doctor. The questions and answers regarding the identity of her assailant can therefore be regarded as reasonably necessary to this victim's medical diagnosis and treatment. [439 Mich 334-335.]

The present case bears many similarities to *Conn.* Like *Conn,* treatment and removal from an abusive home environment was medically necessary for the child victim of incest. Under such circumstances, "[t]he question and answers regarding the identity of her assailant can therefore be regarded as reasonably necessary to this victim's medical diagnosis and treatment." *Id.* The alerting of child protective services in *Conn* did not ipso facto transform a medically necessary physical examination and preexamination interview into an examination for prosecutorial purposes.

### III

We now turn to the issues the Supreme Court has expressly directed us to consider on remand. At the outset, we note that complainant at thirteen years of age is considerably older than the children whose statements were analyzed in *Meeboer.* The Supreme Court's remand order directs us to address "whether the totality of circumstances test, discussed in *Meeboer, supra,* should apply in this case where the complainant is thirteen years of age and a presumption might arise that the complainant understood the need to be truthful to examining medical personnel." 440 Mich 856.

Neither counsel nor the Supreme Court has directed our attention to the precise presumption to which the Supreme Court refers. Nonetheless, we recognize that complainant is older than ten and therefore not covered by the newly adopted tender years exception hearsay rule, MRE 803A. Although the trials in the *Meeboer* and *Conn* cases occurred before the adoption of MRE 803A, the Supreme Court recognized in *Meeboer* that complainants of "tender years" may not have the same understanding of the need to tell the truth to medical professionals as adults:

[T]hat due to the tender years of the hearsay declarants, the understanding to tell the truth may not be as apparent as it is with adults; that investigation into the circumstances surrounding the making of the hearsay statements is required in order to establish whether the child understood the need to be truthful to the physician. The gravamen of our analysis is that hearsay statements must simply be analyzed with more precision because of the young age of the declarants. [439 Mich 326.]

*Meeboer* lists ten factors relating to trustworthiness, which must be evaluated and balanced in determining whether a child's statement to a medical professional bears the sufficient indicia of trustworthiness to be admitted pursuant to MRE 803(4).

In the present case, the complainant is over the age of ten and is therefore not of "tender years" as defined by MRE 803A. Under such circumstances, we conclude that the *Meeboer* factors have no application and that a rebuttable presumption arises that a minor who is over the age of ten understands the need to tell the truth to medical personnel. In the present case, the presumption has not been rebutted.

In an effort to comply fully with the dictates of the remand order, we nevertheless proceed to evaluate the *Meeboer* trustworthiness factors:

(1) the age and maturity of the declarant,

(2) the manner in which the statements are elicited,

(3) the manner in which the statements are phrased,

(4) use of terminology unexpected of a child of similar age,

(5) who initiated the examination,

(6) the timing of the examination in relation to the assault,

(7) the timing of the examination in relation to the trial,

(8) the type of examination,

(9) the relation of the declarant to the person identified, and

(10) the existence of or lack of motive to fabricate.

Nurse Patricia McNees is the assistant director of the Child Abuse Evaluation and Treatment Center at the Southwestern Michigan Area Health Education Pediatric Clinic in Kalamazoo. Normally, her initial interviews with suspected child abuse victims are videotaped. Unfortunately, however, because of mechanical difficulties, there was no video or audio recording made of the initial interview between the complainant and nurse McNees. The facts and circumstances of the initial interview are gleaned from the trial testimony of the complainant and nurse McNees, and the more detailed testimony given by McNees at the probate court neglect adjudication hearing of December 23, 1987.

At the time of her statements, the complainant was thirteen years old and in the eighth grade.

Her age and maturity exceeds that of most child sexual abuse complainants. Her statements were volunteered, not extracted. The testimony established that, while at a friend's house after school, complainant first confided in her friend, Rachel, that she did not want to go home because of ongoing abuse. During her interview with nurse McNees, complainant became upset and told McNees that the reason she told Rachel she did not want to go home was because her father was "raping her." When McNees asked her to specify the abuse, complainant was very specific and provided a great number of details. According to complainant, the last incident of sexual abuse occurred approximately three weeks before the interview. Although the examination was initiated pursuant to a probate court order, the primary purpose of the examination was the health and welfare of the child, not the prosecution of defendant. Finally, the only motive to fabricate raised was that defendant had advised complainant that she would not have permission to date until she was sixteen. Defendant did not allege longstanding hatred or antagonism.

Having evaluated the *Meeboer* trustworthiness factors and having considered the corroborating evidence that includes positive physical findings of sexual abuse and the complainant's consistent and cumulative trial testimony, we hold that complainant's statements to nurse McNees were sufficiently trustworthy to be admitted pursuant to MRE 803(4). In all other respects, our previous opinion is reaffirmed.

Defendant's conviction is affirmed. Remanded for resentencing. We do not retain jurisdiction.