### PEOPLE v CRUMP

Docket No. 173403. Submitted March 13, 1996, at Grand Rapids. Decided
April 5, 1996, at 9:10 A.M. Leave to appeal sought.

William L. Crump was convicted by a jury in the Kent Circuit Court,
Dennis C. Kolenda, J., of two counts of first-degree criminal sexual
conduct and was sentenced to two concurrent terms of twenty-two
to fifty years in prison. The defendant appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in allowing into evi-
dence under MRE 803(4) the victim's statements to medical person-
nel. Where, as here, the patient is over ten years old, a rebuttable
presumption of truthfulness arises. Here, the defendant failed to
overcome the presumption of truthfulness. The victim's statements
merely described the beatings and rape that led to her injuries. The
statements were cumulative evidence because the victim testified
at trial to essentially the same facts as contained in the medical
statements.

2. The victim's statements to the police officers who arrived at
the scene of the rape were admitted properly under MRE 803(2)
because the statements were made while the startling event was
still fresh.

3. The trial court did not abuse its discretion in admitting evi-
dence regarding the defendant's postarrest silence in order to
counter the inference drawn by the defense that the police never
allowed the defendant to make an exculpatory statement.

Affirmed.

1. EVIDENCE — HEARSAY — MEDICAL TREATMENT EXCEPTION.

A statement made to a medical care provider by a patient over the
age of ten who is alleged to be a victim of criminal sexual conduct
is entitled to a rebuttable presumption of trustworthiness when
assessing whether it can be admitted under the hearsay exception
for statements made for purposes of medical treatment or diagno-
sis (MRE 803[4]).

2. EVIDENCE — CRIMINAL LAW — POSTARREST SILENCE — WITNESSES — IMPEACHMENT.

    A trial court does not abuse its discretion in admitting testimony from police officers regarding a defendant's postarrest silence where the evidence is admitted to counter the implication resulting from defense counsel's questioning of the officers that the defendant had not been given an opportunity to tell the defendant's side of the story and the evidence is not offered to contradict the defendant's assertion of innocence.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *William A. Forsyth*, Prosecuting Attorney, and *Timothy K. McMorrow*, Chief Appellate Attorney, for the people.

*Frank Stanley, P.C.* (by *Frank Stanley*), and *David A. Dodge, P.C.* (by *David A. Dodge*), for the defendant on appeal.

Before: SAWYER, P.J., and NEFF and R. D. GOTHAM,* JJ.

NEFF, J. Following a jury trial, defendant William Lee Crump was convicted of two counts of criminal sexual conduct in the first degree, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f), and was sentenced to two concurrent terms of twenty-two to fifty years' imprisonment. Defendant appeals his convictions as of right, and we affirm.

I

Defendant raises a number of arguments concerning whether certain evidence and testimony were properly admitted. This Court reviews whether evidence was properly admitted for an abuse of discre-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tion. See *People v McAlister*, 203 Mich App 495, 505; 513 NW2d 431 (1994).

A

We first examine defendant's argument that the trial court erred in allowing the victim's statements to medical personnel into evidence. We find no error.

MRE 803 provides:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> *            *            *
>
> (4) *Statements made for purposes of medical treatment or medical diagnosis in connection with treatment.* Statements made for purposes of medical treatment or medical diagnosis in connection with treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably necessary to such diagnosis and treatment.

Further, when the patient is over ten years old, as here, a rebuttable presumption of truthfulness arises. *People v Van Tassel (On Remand)*, 197 Mich App 653; 496 NW2d 388 (1992).

Here, defendant failed to overcome the presumption of truthfulness. The victim's statements to the medical personnel merely described the beatings and rape that led to her injuries. We find such statements to be well within the parameters of MRE 803(4). Further, the statements were cumulative evidence; the victim testified at trial to essentially the same facts as contained within the medical statements. Accordingly, we find no abuse of discretion in allowing this testimony into the record.

B

Defendant next argues that the victim's statements to the police officers arriving at the scene of the rape were improperly admitted. We find no error.

On our review of the record, we are convinced that the statements were made while the startling event, i.e., the rape by defendant and his capture, was still fresh. MRE 803(2).

C

Defendant next argues that the trial court improperly allowed evidence of his postarrest silence into the record. On the facts of this case, we find no error.

1

At trial, defendant's counsel entered into the following colloquy with one of the police officers, Joseph Sirard:

> Q. Did you ever go to my client and talk to him?
>
> A. That night? I did not question him once he was arrested. No.
>
> Q. Okay. So you didn't go to him and tell him, "Hey, this lady is saying that you raped her. What do you have to say about it?" That never transpired, did it?
>
> A. No, sir.
>
> Q. He handcuffed [sic], arrested and brought over to the police station? The other way around.
>
> A. Yes, sir.

Officer Sirard's testimony concluded the testimony for that day. The next day, the prosecutor asked the court to allow testimony regarding defendant's postarrest silence in order to combat the inference drawn by the defense that the police never allowed defendant to make an exculpatory statement. The trial court

allowed the following testimony from Detective Elizabeth Macicak into the record:

> Q. There was a question asked of [Sirard] about whether or not the defendant was ever given an opportunity to describe what happened. Do you recall that question?
>
> A. Yes, I recall it.
>
> Q. Did you meet with the defendant on May 4th, 1993 the next day?
>
> A. Yes, I did.
>
> Q. Did you give him an opportunity to make a statement and tell you what happened?
>
> A. Yes.
>
> Q. Did he do that?
>
> A. He declined to make a statement.
>
> Q. But you gave him the opportunity?
>
> A. Yes.

2

Generally, the Due Process Clause of the Fourteenth Amendment prohibits the use of postarrest, post-*Miranda*[1] warnings silence to be used against a defendant. See *People v Allen*, 201 Mich App 98; 505 NW2d 869 (1993).

In *Allen, supra,* the defendant testified that the trial was his first opportunity to explain his side of the story. Pursuant to the prosecutor's request, the trial court allowed a police officer to testify that the defendant declined to make a statement following his arrest. This Court found the testimony properly admitted, not to contradict the defendant's assertion of innocence, but to discredit the defendant's testi-

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

mony that he was not provided an opportunity to tell his side of the story. *Id.* at 103.

Similarly, here, defendant's counsel, by his questioning of Officer Sirard, implied that the police officers arrested defendant without affording him an opportunity to present his side of the story. Having done this, we conclude that the door was opened to the prosecutor under *Allen, supra,* to allow the jury to know of defendant's postarrest silence in order to explain that the opportunity for defendant to give his side of the story was offered, but refused.

Although *Allen, supra,* involved a defendant who testified and defendant here did not, we do not find this distinction controlling because the justification behind this Court's opinion in *Allen* applies. The evidence in this case was not adduced to contradict defendant's assertion of innocence, but to counter the inference that he was treated unfairly by the police. *Id.*

Accordingly, on the facts of this case, we find no abuse of discretion in the admission of this testimony. We note, however, that the prosecution risks reversal when using a defendant's postarrest silence at trial. By our holding today, we do not encourage such trial tactics. See *United States v Mavrick,* 601 F2d 921, 933-934 (CA7, 1979).

II

Finally, defendant argues that insufficient evidence existed to support his convictions. On appeal, defendant attacks only the victim's credibility in support of his argument. As defendant correctly points out, however, this Court will rarely overturn a conviction when the only issue is the credibility of a witness.

*People v Wolfe*, 440 Mich 508; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). On the basis of the record below, we decline to do so here.

Defendant's convictions are affirmed.