# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHERYL LYNN MINOR,

        Defendant-Appellant.

UNPUBLISHED
October 16, 2014

No. 315281
Chippewa Circuit Court
LC No. 12-000865-FH

Before: MURPHY, C.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Cheryl Lynn Minor, appeals by right her conviction for possession of a controlled substance after a bench trial. MCL 333.7403(2)(a)(*v*). The trial court sentenced Minor as a habitual offender, fourth offense, see MCL 769.12, to serve two years and six months to 15 years in prison. Because we conclude there were no errors warranting relief, we affirm.

In an unannounced visit, Minor's parole officer, along with officers called to the home, discovered Minor holding a glass pipe. Minor testified at trial that the pipe was used to smoke tobacco. However, tests revealed that the pipe had cocaine residue in it. The trial court found that Minor possessed the pipe and that it had cocaine in it:

> As far as Miss Minor, she was possessing the pipe. I mean, she had it in her hand. She said it was purchased at Ozone 1. She said she got it from the floor where it was underneath the radiator. It was hot from there and that's why the officer sort of got a slight burn because she picked it up from underneath the electric radiator.
>
> But whether it was hot from the radiator or not, it did in fact contain the substance cocaine. Miss Minor did say it was a pipe that she purchased. It was in her hand. Both the circumstantial and direct evidence would indicate she was in possession of the pipe, and the pipe did contain the substance cocaine, and obviously nothing was offered here to indicate she had a valid prescription for possession of the cocaine or somehow she was legally authorized to possess the substance. . . . Obviously she was in possession of the pipe that contained the cocaine and so the Court would have to find, unfortunately, Miss Minor guilty under the circumstances, that Miss Minor was in fact in possession, in fact guilty of being in unlawful possession of a controlled substance, the substance being cocaine.

-1-

Minor argues on appeal that the trial court's findings of fact and conclusions of law did not satisfy the requirements of MCR 2.517(A).[1] MCR 2.517(A)(1) provides that a trial court sitting as the finder-of-fact "shall find the facts specially, state separately its conclusions of law, and direct entry of the appropriate judgment." Moreover, "[b]rief, definite, and pertinent findings and conclusions on the contested matters are sufficient, without overelaboration of detail or particularization of facts." MCR 2.517(A)(2).

With regard to the sufficiency of a trial court's findings, "in criminal cases as well as civil cases a judge who sits without a jury is obliged to articulate the reasons for his decision in findings of fact." *People v Jackson*, 390 Mich 621, 627; 212 NW2d 918 (1973). "Findings of fact in a nonjury case serve a function paralleling the judge's charge in a jury case, that of revealing the law applied by the fact finder." *Id.* But a trial court's failure to find every element does not invariably necessitate further proceedings:

> A judge's failure to find the facts does not require remand where it is manifest that he was aware of the factual issue, that he resolved it and it would not facilitate appellate review to require further explication of the path he followed in reaching the result, as for example, where the only factual issue is identification. [*Id.* at n 3; see also *People v Vaughn*, 186 Mich App 376, 384; 465 NW2d 365 (1990).]

Here, there is no dispute that Minor was in possession of the pipe and that the pipe contained cocaine residue. The only issue was whether Minor knew the pipe contained cocaine. The trial court did not specifically make a finding that defendant knew the pipe contained cocaine. Nonetheless, it is "manifest that the trial court was aware of the factual issues." *People v Rushlow*, 179 Mich App 172, 177; 445 NW2d 222 (1989) (quotation marks and citation omitted). Just before it found Minor guilty of possessing cocaine, the trial court recognized that the prosecutor had the burden to prove beyond a reasonable doubt that Minor "possessed the controlled substance," that the substance "was whatever it is" and that Minor "knew that." The trial court then recited the facts of the case and specifically recognized that there was a factual dispute about the pipe's use: the laboratory test showed the pipe contained cocaine, but Minor testified it only contained tobacco. It is clear that the trial court understood what facts had to be proved to support a conviction, and understood that it had to resolve the dispute about the contents of the pipe, which implicated Minor's knowledge. By stating the law and recognizing the dispute, the trial court demonstrated that it was aware of the factual issues. It is also manifest that the trial court correctly applied the law. *Id.* The trial court found Minor guilty of being in unlawful possession of cocaine "under the circumstances." The trial court considered the facts as they applied to the elements of the crime and resolved the issues against Minor.

---

[1] MCR 6.403 applies to criminal cases, but this Court has stated that MCR 6.403 "incorporates MCR 2.517 and 'implicitly incorporates the existing body of decisional law beginning with *Jackson* addressing issues such as the sufficiency of fact findings and the appropriate remedy when findings are insufficient.'" *People v Legg*, 197 Mich App 131, 134 n 1; 494 NW2d 797 (1992), quoting comments to MCR 6.403.

Further, the trial court's findings were not clearly erroneous. A police officer responding to the scene testified that Minor nodded affirmatively when he asked her if the pipe was a crack pipe. Minor denied having answered the officer's question affirmatively, but the trial court resolved that credibility dispute by crediting the officer's testimony. See *People v Crump*, 216 Mich App 210, 215; 549 NW2d 36 (1996) ("[T]his Court will rarely overturn a conviction when the only issue is the credibility of a witness."). As such, there was evidence from which the trial court could rationally find that Minor knew that the pipe was a crack pipe and, therefore, knew that it contained cocaine residue.

And even if the court did not credit the officer's testimony, it would still be reasonable to conclude that Minor knew the pipe contained cocaine. Minor's own testimony showed that she had a history with the pipe and evidence showed that she had it in her room and possessed it at the time of her arrest. Under these circumstances, the trial court could reasonably find that Minor knew that the pipe was used as a crack pipe and contained cocaine residue.

Minor also argues that the trial court erred when it scored her sentencing variables using facts that were not specifically found at trial, which she claims violates the rule established by the United States Supreme Court in *Alleyne v United States*, 570 US___,___; 133 S Ct 2151; 186 L Ed 2d 314 (2013). This Court has held that the decision in *Alleyne* does not apply to Michigan's sentencing scheme. *People v Herron,* 303 Mich App 392, 405; 845 NW2d 533 (2013). Therefore, we shall not consider this claim further.

There were no errors warranting relief.

Affirmed.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Michael J. Kelly

-3-