# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BENJAMIN MICHAEL BENTZ,

Defendant-Appellant.

UNPUBLISHED
December 29, 2016

No. 329016
Mason Circuit Court
LC No. 15-002928-FC

Before: BORRELLO, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant appeals as of right his conviction of four counts of first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(a) (victim was under 13 years of age), and one count of second-degree CSC, MCL 750.520c(1)(a) (victim was under 13 years of age). The trial court sentenced defendant to 25 to 75 years' imprisonment for each count of first-degree CSC, to run concurrently with one another. The trial court also sentenced defendant to a consecutive term of seven to 15 years' imprisonment for second-degree CSC. We affirm.

Defendant's convictions arose from incidents that occurred between June 2012 and October 2013 involving the then eight- and nine-year-old victim. At trial, the victim testified to four incidents wherein defendant put his penis in her anus and to one incident wherein defendant put his finger in her vagina. According to the victim, defendant threatened her to ensure that she kept the incidents a secret. Approximately a year after the final incident, the victim disclosed the incidents to her mother.

Doctor Debra Simms, a physician at DeVos Children's Hospital, testified as to her physical examination of the victim. She reported that her diagnosis was "probable pediatric sexual abuse" because, although the victim's physical examination was normal, the victim reported a "clear, consistent, detailed, [and] descriptive" history of sexual abuse to her medical assistants. On cross-examination, defense counsel elicited testimony from Dr. Simms acknowledging that it was possible, based on the victim's physical examination, that the victim was not abused. Similarly, Dr. Simms also testified, in response to defense counsel, that it was possible for children to lie about allegations of sexual abuse.

Defendant argues that he received ineffective assistance of counsel because defense counsel failed to object to Dr. Simms's testimony. We disagree.

-1-

A defendant may preserve his claim of ineffective assistance of counsel by moving in this Court to remand to properly preserve the issue for appellate review. See *People v Ginther*, 390 Mich 436, 444-445; 212 NW2d 922 (1973). Defendant did so, but his motion to remand was denied. Therefore, our review "is limited to mistakes apparent on the record." *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

To demonstrate ineffective assistance of counsel, a defendant must (1) "show that counsel's performance was deficient," and (2) "show that the deficient performance prejudiced the defense." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001), quoting *Strickland v Washington*, 466 US 668, 688; 104 S Ct 2052; 80 L Ed 2d 674 (1984) (quotation marks omitted). In proving deficient performance, defense counsel's actions are measured against an objective standard of reasonableness, *Payne*, 285 Mich App at 189, and defendant must overcome "a strong presumption of effective counsel when it comes to issues of trial strategy," *People v Odom*, 276 Mich App 407, 415; 740 NW2d 557 (2007). Refraining from raising objections "can often be consistent with sound trial strategy." *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008). Additionally, defense counsel is not required to raise futile objections. *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000). If defendant shows that defense counsel's performance fell below an objective standard of reasonableness, defendant must then "show the existence of a reasonable probability" that, but for this deficient performance, "the result of the proceeding would have been different." *Carbin*, 463 Mich at 600.

MRE 702 provides:

If the court determines that scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

However, an expert may not comment on the truthfulness of other witnesses because credibility is determined by the jury. *People v Dobek*, 274 Mich App 58, 71; 732 NW2d 546 (2007). In the context of expert witnesses in CSC cases, a physician who has examined a victim impermissibly vouches for a victim's veracity where the expert's opinion is based "not on any findings within the realm of his medical capabilities or expertise," but instead on the "emotional state of, and the history given by, the complainant." *People v Smith*, 425 Mich 98, 112-113; 387 NW2d 814 (1986).

In the present case, Dr. Simms testified that her diagnosis of the victim was "probable pediatric sexual abuse" based on the victim's "clear, consistent, detailed, [and] descriptive" history of the incidents. Dr. Simms confirmed that the victim's physical exam was normal, but that this finding was consistent with the amount of time between the examination and the final incident. Dr. Simms's testimony that the victim suffered probable pediatric sexual abuse constituted improper vouching of the victim's credibility because her testimony was based on factors indicating the reliability of the victim's statements, not information from the physical

exam. See *Smith*, 425 Mich at 112-113. However, defendant must overcome "a strong presumption" that defense counsel was effective and chose to refrain from objecting to the testimony as a matter of trial strategy. *Odom*, 276 Mich App at 415. Instead of objecting to Dr. Simms's testimony, defense counsel elicited testimony from Dr. Simms on cross-examination acknowledging that it was possible, based solely on the victim's physical examination, that the victim was not abused. Further, defense counsel also elicited testimony from Dr. Simms stating that it was possible generally for children to lie about allegations of abuse. It is conceivable that defense counsel's choice to emphasize the lack of physical evidence on cross-examination rather than object initially to the testimony was a matter of trial strategy and, therefore, was not deficient performance. *Unger*, 278 Mich App at 242-243.

Defendant also argues that defense counsel was deficient for failing to object to Dr. Simms's testimony concerning Audrey's statements to her medical assistants, as it consists of inadmissible hearsay. Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Hearsay is inadmissible unless it falls under a hearsay exception set forth in the Michigan Rules of Evidence. MRE 802. MRE 803(4) provides that the following statements are admissible at trial, regardless of their hearsay nature:

> (4) *Statements made for purposes of medical treatment or medical diagnosis in connection with treatment.* Statements made for purposes of medical treatment or medical diagnosis in connection with treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably necessary to such diagnosis and treatment.

The rationales supporting the admission of hearsay under MRE 803(4) "are the existence of: (1) the self-interested motivation to speak the truth to treating physicians in order to receive proper medical care, and (2) the reasonable necessity of the statement to the diagnosis and treatment of the patient." *People v Meeboer (After Remand)*, 439 Mich 310, 322; 484 NW2d 621 (1992). Identification of the perpetrator is necessary to the adequate treatment of a CSC victim. *Id.* Further, where a CSC victim is over ten years old, a rebuttable presumption exists that the victim "understands the need to tell the truth to medical personnel." *People v Van Tassel (On Remand)*, 197 Mich App 653, 662; 496 NW2d 388 (1992).

The victim's statements to Dr. Simms's medical assistants fall under MRE 803(4)'s hearsay exception. The victim was ten years old at the time of her physical examination by Dr. Simms, and, as such, is entitled to a presumption that she understood the need to be truthful to medical personnel. *Van Tassel*, 197 Mich App at 662. The victim's lack of physical injuries did not rebut this presumption. *People v Garland*, 286 Mich App 1, 9-10; 777 NW2d 732 (2009). The victim's statements merely describe the incidents, which could have led to medical consequences, and are therefore within the parameters of MRE 803(4). *People v Crump*, 216 Mich App 210, 212; 549 NW2d 36 (1996). Additionally, the victim's identification of defendant as her abuser was medically necessary to her examination. *Meeboer*, 439 Mich at 322.

Further, the fact that Dr. Simms testified as to statements made by the victim to her medical assistants and not Dr. Simms herself does not make the statements inadmissible hearsay.

MRE 803(4) is not limited to statements made by the patient, so long as the statements are reliable. *People v Yost*, 278 Mich App 341, 362 n 2; 749 NW2d 753 (2008). The victim's statements were reliable and fell under the MRE 803(4) exception. Similarly, the communication of information from the medical assistants to Dr. Simms was "for the purposes of medical treatment" and "reasonably necessary to such diagnosis." MRE 803(4). Therefore, defense counsel's failure to object to Dr. Simms's testimony regarding the victim's statements does not constitute ineffective assistance of counsel because the evidence was properly admissible. *Snider*, 239 Mich App at 425.

Additionally, defendant cannot demonstrate a reasonable probability that, had defense counsel successfully objected to Dr. Simms's testimony, the outcome of the proceeding would have been different. *Carbin*, 463 Mich at 600. The victim's statements to Dr. Simms were consistent with the victim's testimony at trial, which was subject to cross-examination by defense counsel. The victim's testimony itself established that defendant engaged in sexual penetration and sexual contact with a person under 13 years old, as required by MCL 750.520b(1)(a) and MCL 750.520(c)(1)(a). MCL 750.520h. The victim's testimony was consistent and detailed, and no directly contradicting testimony or evidence was introduced at trial. Dr. Simms's additional repetition of the victim's statements is merely cumulative and is unlikely to have altered the outcome of the proceeding. *Van Tassel*, 197 Mich App at 664. Additionally, the jury was instructed at trial to "think carefully about the reasons and facts [Dr. Simms] gave for her opinion," bringing further attention to the fact that Dr. Simms's diagnosis was based on the victim's statements alone. Therefore, defendant has failed to prove that, had defense counsel objected to Dr. Simms's testimony, there is a reasonable probability the outcome of the trial would have been different. *Carbin*, 463 Mich at 600.

Defendant also argues that he received ineffective assistance of counsel because defense counsel failed to impeach the victim based on inconsistent testimony from pre-trial interviews and the preliminary examination. We disagree.

"Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy." *People v Garza*, 246 Mich App 251, 255; 631 NW2d 764 (2001). Trial strategy is entitled to strong deference, *Odom*, 276 Mich App at 415, and this Court "will not substitute its judgment for that of trial counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight," *Garza*, 246 Mich App at 255. Therefore, failing to call a witness or question a witness appropriately only constitutes ineffective assistance "if it deprives the defendant of a substantial defense." *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004).

At trial, defense counsel extensively questioned the victim as to why she testified at the preliminary examination that she had pain in or around her anus, but did not mention pain anywhere but her stomach to her mother, Dr. Simms, or CPS. Defense counsel also elicited testimony from three witnesses who had frequent overnight stays at defendant's home stating that it was highly unlikely that defendant would have been alone in the home with the victim and her brother overnight, contradicting the victim's testimony that only she, her brother, and defendant were in the home when the incidents occurred. Defense counsel emphasized this testimony during closing arguments, stating that "it would seem highly unlikely that on four different occasions her father was alone with her and [her brother] and nobody else." Through

directly challenging the victim's credibility with a previous inconsistent statement and by the testimony of other witnesses, defense counsel effectively raised the issue of the victim's credibility and defendant was not deprived of a defense. *Dixon*, 263 Mich App at 398. Defense counsel's choice to cross-examine the victim concerning one inconsistency and to use other witnesses' testimony to call attention to the victim's inconsistencies was a trial strategy that does not amount to deficient performance. Defense counsel's failure to cross-examine the victim regarding every inconsistency in her story does not amount to performance denying defendant of the Sixth Amendment right to counsel. *Id.* at 396.

Additionally, defendant cannot demonstrate a reasonable probability that, but for defense counsel's failure to cross-examine the victim concerning additional inconsistencies, the result of the proceeding would have been different. *Carbin*, 463 Mich at 600. The victim's other inconsistencies between her trial testimony and preliminary examination testimony are as follows: (1) whether she was playing her videogames in bed prior to the first incident or the second; (2) whether the final incident lasted one hour or a couple of minutes; and (3) whether the second incident occurred during the summer or during the school year. Defendant argues that defense counsel's failure to raise these inconsistencies amounts to deficient performance. However, overall, the victim's testimony at the preliminary examination and trial was consistent. She described defendant's actions consistently and relayed additional details about each incident. Her brother's testimony that he, defendant, and the victim were often alone in the house on the weekends also supported the victim's credibility. Additionally, the minimal inconsistencies in the victim's story were likely alleviated by an expert's testimony regarding the non-linear nature of a child sexual abuse victim's memories and how victims tell their stories. Considering this information, the victim's overall consistency in relating her story, and her brother's supporting testimony, defendant cannot demonstrate that the addition of these other inconsistencies would have probably altered the outcome of the trial. Defendant has, therefore, failed to prove both that defense counsel was deficient and that, but for the deficient performance, the outcome of the trial would have been different.

Affirmed.

/s/ David H. Sawyer
/s/ Jane E. Markey