PEOPLE v GARLAND

Docket No. 284300. Submitted August 5, 2009, at Grand Rapids. Decided
     August 18, 2009. Approved for publication October 15, 2009, at
     9:00 a.m.

     Edward F. Garland was convicted by a jury in the Livingston Circuit
     Court, David J. Reader, J., of one count of first-degree home
     invasion, two counts of first-degree criminal sexual conduct (CSC
     I) (sexual penetration occurring during the commission of any
     other felony), and two counts of third-degree criminal sexual
     conduct (CSC III) (sexual penetration with knowledge that the
     victim was physically helpless). Defendant appealed, alleging that
     his conviction of four separate CSC counts where there were only
     two acts of penetration violated the double jeopardy protection
     against multiple punishments for the same offense. Defendant also
     alleged violation of his right to confront the witnesses against him
     and that hearsay evidence was erroneously admitted at his trial.

     The Court of Appeals *held*:

     1. The Legislature did not clearly express an intention in the
     criminal sexual conduct chapter of the Michigan Compiled Laws to
     impose multiple punishments, therefore, to address defendant's
     double jeopardy issue, the elements of the CSC offenses that he
     was convicted of must be compared using the test stated in
     *Blockburger v United States*, 284 US 299 (1932). Under the
     *Blockburger* test, if each offense requires proof of a fact that the
     other does not then there is no violation of double jeopardy.

     2. For each of the two acts of sexual penetration alleged,
     defendant was charged, tried, and convicted of separate criminal
     offenses. Each of those offenses, MCL 750.520b(1)(c) and
     750.520d(1)(c), contains an element that the other does not. CSC
     I and CSC III are separate offenses for which defendant was
     properly convicted and sentenced without violating the double
     jeopardy protection against multiple punishments.

     3. The evidence supports the trial court's determination that
     the victim was unavailable to testify at the trial. Admission of the
     victim's preliminary examination testimony did not violate defen-
     dant's right to confront the witnesses against him.

4. The Confrontation Clause does not restrict state law from determining the admissibility of nontestimonial hearsay evidence. The victim's statements to the nurse who took the victim's medical history and conducted an examination when the victim sought medical care on the day the assault occurred were nontestimonial and were reasonably necessary for her treatment and diagnosis. The statements were admissible as an exception to the hearsay rule under MRE 803(4) and did not violate defendant's right to confront the witnesses against him. Defense counsel was not ineffective for failing to object to the admission of the statements on Confrontation Clause grounds.

Affirmed.

1. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — MULTIPLE PUNISHMENTS — CRIMINAL SEXUAL CONDUCT.

The crimes of first-degree criminal sexual conduct for sexual penetration occurring during the commission of any other felony and third-degree criminal sexual conduct for sexual penetration with knowledge that the victim was physically helpless each contain an element that the other does not; the crimes are separate offenses for which a defendant may be properly convicted and sentenced as a result of a single act of penetration without violating the double jeopardy protection against multiple punishments (MCL 750.520b[1][c]; MCL 750.520d[1][c]).

2. EVIDENCE — FORMER TESTIMONY — UNAVAILABLE WITNESSES.

Former testimony is admissible at trial where the witness is unavailable for trial and was subject to cross-examination during the prior testimony; a witness is unavailable if the witness is unable to be present or to testify because of then-existing physical illness or infirmity (US Const, Am VI; Const 1963, art 1, § 20; MRE 804 [a][4] and [b][1]).

3. EVIDENCE — CRIMINAL LAW — TESTIMONIAL HEARSAY — NONTESTIMONIAL HEARSAY — CONSTITUTIONAL LAW — RIGHT TO CONFRONT WITNESSES.

Testimonial hearsay evidence is inadmissible against a criminal defendant unless the declarant is unavailable at trial and the defendant had a prior opportunity to cross-examine the declarant; the Confrontation Clause does not restrict state law from determining the admissibility of hearsay evidence that is nontestimonial; statements are testimonial if the primary purpose of the statements or the questioning that elicits them is to establish or prove past events potentially relevant to later criminal prosecution (US Const, Am VI; Const 1963, art 1, § 20).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *David L. Morse*, Prosecuting Attorney, and *William J. Vailliencourt, Jr.*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Douglas W. Baker*) for defendant.

Before: OWENS, P.J., and TALBOT and GLEICHER, JJ.

PER CURIAM. Defendant appeals as of right the judgment of sentence reflecting his convictions of home invasion in the first degree, MCL 750.110a(2); two counts of criminal sexual conduct in the first degree (CSC I) (sexual penetration occurring during the commission of a felony), MCL 750.520b(1)(c)[1]; and two counts of CSC in the third degree (CSC III) (sexual penetration with knowledge that the victim was physically helpless), MCL 750.520d(1)(c).[2] We affirm.

### I. FACTS

On the evening of May 21, 2005, the victim and her sister went to a bar with their friend, Barb, and defendant. Once they arrived at the bar, the group had drinks and danced. At around 11:00 p.m. the victim's sister became nauseated and dizzy and she and the victim called for a ride home. Upon arriving at her sister's apartment, the victim realized that she had Barb's keys in her pocket. The victim put the keys outside on the welcome mat for Barb to pick up, then went to sleep.

---

[1] After defendant's commission of the offense, MCL 750.520b(1) was amended by 2006 PA 165, 2006 PA 169, and 2007 PA 163.

[2] After defendant's commission of the offense, MCL 750.520d(1) was amended by 2007 PA 163.

Barb and defendant drove to pick up her keys, and then defendant drove Barb back to her car, where they parted ways for the evening. At some point after falling asleep, the victim was awakened by someone having contact with her vaginal area. At first, the victim could not move. Later, when she was able to move, she sat up and saw defendant and asked him, "where's Barb?" The victim passed out again and then later felt defendant kissing her lips and felt something inside her vaginal area. The victim never invited defendant to the apartment, nor did she consent to any sexual activity with defendant.

### II. DOUBLE JEOPARDY

Defendant argues that his conviction of four separate counts of CSC where there were only two acts of penetration violates the prong of double jeopardy protection that prohibits multiple punishments. We review de novo questions of law, such as a double jeopardy challenge. *People v Nutt*, 469 Mich 565, 573; 677 NW2d 1 (2004). Defendant correctly observes that

> [t]he United States and Michigan Constitutions protect a person from being twice placed in jeopardy for the same offense. US Const, Am V; Const 1963, art 1, § 15. The prohibition against double jeopardy ... protects against multiple punishments for the same offense. [*Nutt, supra* at 574.]

To determine whether a defendant has been subjected to multiple punishments for the "same offense," we must first look to determine whether the Legislature expressed a clear intention that multiple punishments be imposed. *People v Smith*, 478 Mich 292, 316; 733 NW2d 351 (2007). Where the Legislature clearly intends to impose such multiple punishments, there is no double jeopardy violation. *Id.* Where the Legislature

has not clearly expressed an intention to impose multiple punishments, the elements of the offenses must be compared using the *Blockburger*[3] test. *Id.* at 316-318.

Under the *Blockburger* test, if each offense "requires proof of a fact which the other does not" then there is no violation of double jeopardy. *Id.* at 311 (quotation marks and citations omitted). However, because the *Blockburger* test is simply a tool used to ascertain legislative intent, the focus must be on a comparison of the abstract legal elements of the offenses and not on the particular facts of the case. *People v Ream*, 481 Mich 223, 238; 750 NW2d 536 (2008). Nowhere in the CSC chapter, MCL 750.520 *et seq.*, does the Legislature clearly express its intention to impose multiple punishments. Thus, the *Blockburger* test must be applied.

In the instant case, the prosecution alleged two acts of sexual penetration: sexual intercourse and cunnilingus. For each act, defendant was charged, tried, and convicted of two criminal offenses: CSC I on the theory that a sexual penetration had occurred during a home invasion (counts II and IV), and CSC III on the theory that the victim was physically helpless (counts III and V).

First, the crimes of CSC I and CSC III are codified in the CSC chapter of the Michigan Compiled Laws as separate statutes. Second, although CSC I and CSC III both require a sexual penetration, the commission of CSC I does not necessarily require commission of CSC III and vice versa. We now compare the abstract, statutory elements of the two CSC crimes of which defendant was convicted, MCL 750.520b(1)(c) and MCL 750.520d(1)(c). MCL 750.520b(1)(c) requires proof that the sexual penetration occurred "under circumstances

---

[3] *Blockburger v United States*, 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932).

involving the commission of any other felony." This is not an element of MCL 750.520d(1)(c). MCL 750.520d(1)(c) requires proof that the sexual penetration occurred and was accompanied by the actor knowing or having "reason to know that the victim [was] . . . physically helpless." This is not an element of MCL 750.520b(1)(c). Thus, under the *Blockburger* test, because each offense contains an element that the other does not, CSC I and CSC III are separate offenses for which defendant was properly convicted and sentenced, without violating defendant's double jeopardy protection against multiple punishments.

Defendant cites *People v Johnson*, 406 Mich 320; 279 NW2d 534 (1979), and *People v Malkowski*, 198 Mich App 610; 499 NW2d 450 (1993), for the proposition that a single act of penetration, even though accompanied by multiple aggravating circumstances, cannot result in multiple CSC convictions and sentences. However, defendant's reliance on those cases is misplaced. In *Johnson* and *Malkowski*, our Courts held that a defendant could not be charged with and convicted of multiple counts of CSC I pursuant to MCL 750.520b arising from a single act of penetration because each of the enumerated aggravating factors in MCL 750.520b were " 'alternative ways of proving criminal sexual conduct in the first degree' " rather than separate offenses. *Johnson, supra* at 331 (citation omitted). In contrast, defendant, in this case, was charged with and convicted of two separate offenses under separate statutes, CSC I and CSC III, for each act of penetration. See *Blockburger, supra* at 304. (" 'A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' ") (Citation omitted.) Thus,

*Johnson* and *Malkowski* do not apply in this case. See *People v Dowdy*, 148 Mich App 517, 521-522; 384 NW2d 820 (1986) (*Johnson* only applies in cases where there are multiple punishments under *one* statute for a single act of penetration).

### III. CONFRONTATION CLAUSE

Defendant next argues that admission of the victim's preliminary examination testimony violated defendant's right to confront the witnesses against him and violated the rule against hearsay. We review a trial court's factual findings for clear error. *People v Barrera*, 451 Mich 261, 269; 547 NW2d 280 (1996).

Former testimony is admissible at trial under both MRE 804(b)(1) and the Confrontation Clause as long as the witness is unavailable for trial and was subject to cross-examination during the prior testimony. MRE 804(b)(1); *Crawford v Washington*, 541 US 36; 124 S Ct 1354; 158 L Ed 2d 177 (2004). Defendant claims only that the record does not support the trial court's factual finding that the victim was unavailable. A witness is unavailable if he or she "is unable to be present or to testify at the hearing because of . . . then existing physical . . . illness or infirmity[.]" MRE 804(a)(4).

Based on the evidence on the record showing that the victim was experiencing a high-risk pregnancy, that she lived in Virginia, and that she was unable to fly or travel to Michigan to testify, the trial court did not clearly err by determining that the victim was unavailable.

Further, because the issue of unavailability was a preliminary question for the trial court to decide before the admission of evidence, the rules of evidence did not apply. MRE 104(a). Therefore, defendant's argument that the victim's sister's testimony was hearsay or unreliable because no basis for her information was

established is without merit. In addition, although the second of the two notes from a physician regarding whether the victim should fly simply stated that the victim should not fly, rather than stating that the victim should not fly or travel long distance as the first note did, this did not undermine the trial court's factual finding, because the victim's sister testified that the victim was unable to fly or travel and the prosecution represented to the trial court that the victim was unable to travel to Michigan to testify. The trial court had no reason to disbelieve the prosecution's representation, *People v Dunbar*, 463 Mich 606, 617 & n 13; 625 NW2d 1 (2001) (no reason not to accept the representations of an officer of the court bound by a duty of candor to a tribunal), and defense counsel could have clarified any possible ambiguity in the sister's answer to the compound question by requesting clarification.

IV. HEARSAY AND INEFFECTIVE ASSISTANCE OF COUNSEL

Next, defendant argues that admission of the victim's statements to a nurse violated the rule against hearsay and his right to confront the witnesses against him. Defendant also argues that defense counsel's failure to object to the admission of those statements on Confrontation Clause grounds constituted ineffective assistance of counsel. We disagree.

"Statements made for purposes of medical treatment or medical diagnosis in connection with treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably necessary to such diagnosis and treatment" are admissible as an exception to the hearsay rule. MRE 803(4); *People v Meeboer (After Remand)*, 439 Mich 310, 322; 484 NW2d 621 (1992). The rationale

supporting the admission of statements under this exception is the existence of (1) the reasonable necessity of the statement to the diagnosis and treatment of the patient, and (2) the declarant's self-interested motivation to speak the truth to treating physicians in order to receive proper medical care. *Id.*

The victim's statements to the nurse were reasonably necessary for her treatment and diagnosis. The victim went to the hospital for medical care the morning of the assault. She was directed to LACASA, a nonprofit organization in Livingston County that provides free and confidential comprehensive services for sexual assault survivors, for such medical care. The nurse was the first person to take a history from the victim and examine the victim, which she did at 6:00 p.m. on the day of the assault. The police investigation occurred after, and separate from, the nurse's taking of the history and examination. The nurse testified that the patient's history is very important because it tells her how to treat the patient and how to proceed with the examination. Then, considering the victim's history, the nurse provides medical treatment to the victim.

Moreover, the victim had a self-interested motivation to speak the truth to the nurse in order to obtain medical treatment. The victim in this case was over the age of ten and thus there was a rebuttable presumption that she understood the need to tell the truth to the nurse. *People v Crump*, 216 Mich App 210, 212; 549 NW2d 36 (1996); *People v Van Tassel (On Remand)*, 197 Mich App 653, 662; 496 NW2d 388 (1992). The fact that the victim did not have any immediately apparent physical injuries did not rebut this presumption. Often, the injuries inflicted on the victim in a sexual assault, such as transmission of a sexually transmitted disease,

immune deficiency virus, or psychological trauma, are impossible to detect at first but still require diagnosis and treatment. *Meeboer, supra* at 328-329.

The admission of the victim's statements to the nurse did not violate defendant's right to confront the witnesses against him because the statements were nontestimonial.

Both the United States and Michigan constitutions guarantee a criminal defendant the right to confront the witnesses against him or her. US Const, Am VI; Const 1963, art 1, § 20. To preserve this right, testimonial hearsay is inadmissible against a criminal defendant unless the declarant is unavailable at trial and the defendant had a prior opportunity to cross-examine the declarant. *Crawford, supra* at 68; *People v Lonsby*, 268 Mich App 375, 377; 707 NW2d 610 (2005). However, if the hearsay is nontestimonial, the Confrontation Clause does not restrict state law from determining admissibility. *Crawford, supra* at 68.

Statements are testimonial if the "primary purpose" of the statements or the questioning that elicits them "is to establish or prove past events potentially relevant to later criminal prosecution." *Davis v Washington*, 547 US 813, 822; 126 S Ct 2266; 165 L Ed 2d 224 (2006).

In *People v Spangler*, 285 Mich App 136, 154; 774 NW2d 702 (2009), this Court stated:

> [I]n order to determine whether a sexual abuse victim's statements to a SANE [sexual assault nurse examiner] are testimonial, the reviewing court must consider the totality of the circumstances of the victim's statements and decide whether the circumstances objectively indicated that the statements would be available for use in a later prosecution or that the primary purpose of the SANE's questioning was to establish past events potentially relevant to a later prosecution rather than to meet an ongoing emergency.

Here, unlike in *Spangler*, where the factual record was not developed enough to determine whether the victim's statements were testimonial, we have a factual record that sufficiently indicates that under the totality of the circumstances of the complainant's statements, an objective witness would reasonably believe that the statements made to the nurse objectively indicated that the primary purpose of the questions or the examination was to meet an ongoing emergency. *Id.* at 156-157.

For the same reasons that the victim's statements to the nurse were reasonably necessary for her treatment and diagnosis, we conclude that the victim's statements were nontestimonial. Although the nurse does collect evidence during the course of the examination after taking a patient's history and the nurse is required to report the assault and turn over the evidence to law enforcement officials, the nurse is not involved in the police officer's interview of the victim after the examination and is not personally involved in the officer's investigation of the crime. The victim in this case did not have any outwardly visible signs of physical trauma; therefore, the nurse could not have treated her with antibiotics and emergency birth control unless she knew her history. Thus, we hold that, on these facts, the circumstances did not reasonably indicate to the victim that her statements to the nurse would later be used in a prosecutorial manner against defendant. *People v Jambor (On Remand)*, 273 Mich App 477, 487; 729 NW2d 569 (2007).

Because the Confrontation Clause did not bar admission of the victim's statements to the nurse, defense counsel was not ineffective for failing to object to their admission on Confrontation Clause grounds. *People v Goodin*, 257 Mich App 425, 433; 668 NW2d 392 (2003)

("Defense counsel is not required to make a meritless motion or a futile objection.").

Affirmed.