# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

v

LUCAS DANIEL GONZALES,

   Defendant-Appellant.

UNPUBLISHED
December 29, 2016

No. 328060
Berrien Circuit Court
LC No. 2014-003822-FC

Before:  SHAPIRO, P.J., and HOEKSTRA and SERVITTO, JJ.

SHAPIRO, P.J. (*concurring in part and dissenting in part*).

I concur with the majority as to defendant's two convictions of CSC I based on two different incidents of penetration, one at a neighbor's home and one at his own home. I dissent from the majority's conclusion that defendant's convictions of CSC I and assault with intent to commit sexual penetration for a single sexual act do not violate double jeopardy.[1]

Defendant was originally charged only with CSC I for his actions in the incident that occurred at his home. However, because the victim could not recall if defendant actually penetrated her during that incident, the prosecution, with leave from the court, added the charge of assault with intent to commit sexual penetration. The purpose of doing so was plainly to assure that even if the jury found reasonable doubt as to the element of penetration, the jury would have an option to convict on another, albeit, lesser charge. However, the charges were not

---

[1] Defendant's CSC I conviction was for engaging in sexual penetration with a person under the age of 13 while being 17 years of age or older contrary to MCL 750.520b(1)(a) & (2)(b). MCL 750.520b(1)(a) provides, "A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if . . . (a) [t]hat other person is under 13 years of age." MCL 750.520b(2)(b) provides, "Criminal sexual conduct in the first degree is a felony punishable as follows . . . (b) [f]or a violation that is committed by an individual 17 years of age or older against an individual less than 13 years of age by imprisonment for life or any term of years, but not less than 25 years." Defendant's assault with intent to commit sexual penetration conviction stems from MCL 750.520g, which states, "Assault with intent to commit sexual conduct involving sexual penetration shall be a felony punishable by imprisonment for not more than 10 years."

-1-

made in the alternative, and defendant was convicted of both. He was sentenced to a 29 month minimum sentence for the assault with intent to commit sexual penetration count to be served *consecutive* to his 25 year minimum sentence for the CSC I count.

The prosecution argues that this does not constitute double jeopardy because assault with intent to commit sexual penetration contains an element, i.e. assault, that is not contained within the subject CSC I charge, which was based on the element of the victim's age.[2] However, the Supreme Court has addressed with specificity how double jeopardy principles are to be applied in sexual assault cases. First, in *People v Johnson*, 406 Mich 320, 331; 279 NW2d 534 (1979), the Supreme Court held that a single sexual penetration, even if accompanied by more than one of the CSC I special circumstances, "may give rise to only one criminal charge for purposes of trial, conviction and sentencing." Second, in *People v Nickens*, 470 Mich 622, 632; 685 NW2d 657 (2004) the Supreme Court held that "assault with intent to commit CSC involving sexual penetration . . . is a necessarily lesser included offense of CSC-I involving the use of force or coercion to accomplish sexual penetration." The majority's analysis creates an anomaly. It concludes that a defendant can be convicted twice for the same sexual act, once for the victim's age and once for force or coercion so long as the latter is charged as a lesser included offense of CSC I rather than CSC I itself. If defendant cannot be convicted of a second count of CSC I based on the additional element of force then I do not see how he can be convicted of a lesser included offense of CSC I on that basis.[3] Accordingly, I would vacate defendant's assault with intent to commit sexual penetration conviction.

/s/ Douglas B. Shapiro

---

[2] *People v Smith*, 478 Mich 292; 733 NW2d 351 (2007).

[3] This case is distinguishable from *People v Garland*, 286 Mich App 1; 777 NW2d 732 (2009) on which the majority relies. In that case, defendant was convicted of CSC I and CSC III for each sexual penetration. *Id.* at 4, 6. We noted that the basis for the CSC III charge was that the victim was physically helpless, *id.* at 5, a factor that cannot serve as the basis for CSC I. In the instant case, assault, i.e. the use of force, is a factor that can serve as the basis for CSC I.