# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

GHASSAN SALIM SARDY,

Defendant-Appellant.

FOR PUBLICATION
January 19, 2017
9:10 a.m.

No.   319227
Oakland Circuit Court
LC No.   2013-244734-FH

ON REMAND

Before:  MURPHY, P.J., and STEPHENS and GADOLA, JJ.

MURPHY, P.J.

Defendant was convicted in a jury trial of child sexually abusive activity (CSAA), MCL 750.145c, using a computer to commit a crime, MCL 752.796, and two counts of second-degree criminal sexual conduct (CSC II), MCL 750.520c.  Defendant's daughter was the victim of these crimes.  Defendant was sentenced to concurrent prison terms of 71 months to 20 years for the CSAA and computer-crime convictions and 71 months to 15 years' imprisonment for the CSC II convictions.  When defendant's appeal was originally before us, we affirmed his convictions, but remanded the case for a *Crosby*[1] proceeding pursuant to *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), relative to sentencing.  *People v Sardy*, 313 Mich App 679, 688-689, 733; 884 NW2d 808 (2015).  On defendant's application for leave to appeal to our Supreme Court, the Court, in lieu of granting leave, vacated Part II of our opinion with respect to the Confrontation Clause analysis, but denied leave in all other respects.  *People v Sardy*, __ Mich __, issued November 4, 2016 (Docket No. 153222).  The Supreme Court directed us to reconsider "(1) whether the complainant was unavailable for Confrontation Clause purposes, see *Crawford v Washington*, 541 US 36, 59 n 9; 124 S Ct 1354; 158 L Ed 2d 177 (2004), and *United States v Owens*, 484 US 554, 559-560; 108 S Ct 838; 98 L Ed 2d 951 (1988); and (2) whether the defendant's confrontation rights were violated at trial by the trial court's limitation on cross-examination of the complainant, compare *Owens*, *supra*, with *Delaware v Van Arsdall*, 475 US 673, 679; 106 S Ct 1431; 89 L Ed 2d 674 (1986)." *Id.*  On remand, we again affirm defendant's

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

-1-

CSAA and computer-crime convictions; however, we vacate his two CSC II convictions and remand for resentencing.

The CSAA and computer-crime offenses were effectively established by two videos, introduced by a detective who was qualified as an expert in computer forensic examinations, depicting the young victim "grinding" on a couch in a manner that was characterized as masturbation. Defendant had filmed the videos using his iPhone 4, and the videos had also been stored on defendant's Apple iMac and an external hard drive. With respect to the two CSC II offenses, the prosecution relied on the victim's testimony "regarding a couple of instances in which, while both were clothed, defendant pressed his penis against the child's genital area[.]" *Sardy*, 313 Mich App at 690. This testimony was elicited from the victim at defendant's preliminary examination, and the trial court had admitted the victim's preliminary examination testimony at the trial upon finding that she was unavailable due to lack of memory after the victim had taken the stand and provided some testimony on foundational and peripheral matters but then could not recall matters pertaining to the two acts of CSC II. The trial court allowed defendant to cross-examine the victim at trial, but limited the cross-examination to the subject-matter of the direct examination, essentially precluding exploration by defendant of the CSC II accusations made by the victim and her current lack of recall or memory.

In his appeal to us, defendant had argued that the trial court violated his constitutional right to confront the state's witnesses when it allowed the victim's preliminary examination testimony to be admitted as substantive evidence at trial. Defendant maintained "that the victim was not 'unavailable' as required to admit the evidence, that the victim's testimony at the preliminary examination was unsworn and thus unusable, given that she had not been placed under oath before testifying, and that the preliminary examination did not provide defendant a full and fair opportunity for cross-examination." *Sardy*, 313 Mich App at 691. In Part II of our opinion, now vacated in its entirety, we ruled that the victim had been unavailable for purposes of the Confrontation Clause, that defendant had a full and fair opportunity for cross-examination at the preliminary examination, and that the failure to place the victim under oath at the preliminary examination did not warrant reversal. *Id.* at 691-711. We note that defendant did not argue to us that his confrontation rights were infringed when the trial court limited his cross-examination of the victim at trial; therefore, we did not address that issue. Defendant also did not raise that issue in his application for leave to appeal filed with our Supreme Court. Instead, the Supreme Court, acting sua sponte, has presented that issue to us for review.[2]

The Supreme Court, providing pinpoint citations of three United States Supreme Court opinions, has directed us to examine whether the victim was unavailable for purposes of the Confrontation Clause and whether the trial court violated defendant's confrontation rights by limiting the cross-examination of the victim at trial. We hold that the victim was "available" in relationship to the Confrontation Clause and that the trial court erred by not allowing defendant

---

[2] The Supreme Court's order remanded the case to us for *reconsideration* of the two issues set forth in the order; however, as indicated, the second issue concerning cross-examination of the victim at trial was not *considered* by us in the first instance, as it was never argued. We do note that defendant had preserved the issue at trial.

to cross-examine the victim regarding her memory loss and the alleged conduct giving rise to the two CSC II charges.

In *Crawford*, 541 US at 59 n 9, the United States Supreme Court noted that when a declarant appears at trial for cross-examination, the Confrontation Clause does not place any constraints on the use of prior testimonial statements, and that the Clause does not bar the admission of statements "so long as the declarant is present at trial to defend or explain it." The language in this footnote has been construed "to mean that even a witness with no memory of the events in question is nevertheless present and available for cross-examination" for Confrontation Clause purposes. *State v Toohey*, 816 NW2d 120, 128 (SD, 2012), citing *State v Biggs*, 333 SW3d 472, 477-478 (Mo, 2011); *State v Holliday*, 745 NW2d 556, 567-568 (Minn, 2008); *State v Legere*, 157 NH 746, 754-755; 958 A2d 969 (2008); *State v Pierre*, 277 Conn 42, 80-83; 890 A2d 474 (2006); *State v Gorman*, 854 A2d 1164, 1177 (Me, 2004). Here, the declarant, the victim, was present at trial and could have been cross examined regarding the CSC II offenses and her memory loss. In *Owens*, 484 US at 559-560, the United States Supreme Court ruled:

> The Confrontation Clause guarantees only an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish. . . . [T]hat opportunity is not denied when a witness testifies as to his current belief but is unable to recollect the reason for that belief. It is sufficient that the defendant has the opportunity to bring out such matters as the witness' bias, his lack of care and attentiveness, his poor eyesight, and even . . . the very fact that he has a bad memory. If the ability to inquire into these matters suffices to establish the constitutionally requisite opportunity for cross-examination when a witness testifies as to his current belief, the basis for which he cannot recall, we see no reason why it should not suffice when the witness' past belief is introduced and he is unable to recollect the reason for that past belief. In both cases the foundation for the belief (current or past) cannot effectively be elicited, but other means of impugning the belief are available. Indeed, if there is any difference in persuasive impact between the statement "I believe this to be the man who assaulted me, but can't remember why" and the statement "I don't know whether this is the man who assaulted me, but I told the police I believed so earlier," the former would seem, if anything, more damaging and hence give rise to a greater need for memory-testing, if that is to be considered essential to an opportunity for effective cross-examination. We conclude with respect to this latter example, as we did . . . with respect to the former, that it is not. The weapons available to impugn the witness' statement when memory loss is asserted will of course not always achieve success, but successful cross-examination is not the constitutional guarantee. They are, however, realistic weapons, as is demonstrated by defense counsel's summation in this very case, which emphasized [the victim's] memory loss and argued that his identification of respondent was the result of the suggestions of people who visited him in the hospital. [Citations, quotation marks, and alteration brackets omitted.]

*Owens* indicates that a declarant who appears at trial but claims memory loss is "available" for purposes of the Confrontation Clause, even though our hearsay rules provide that

a declarant is unavailable when the declarant "has a lack of memory of the subject matter of the declarant's statement[,]" MRE 804(a)(3).[3] See *Toohey*, 816 NW2d at 128 n 2 (noting that under the South Dakota rule of evidence comparable to MRE 804(a), lack of memory renders a witness unavailable, yet, under *Owens*, "memory loss may not render a witness 'unavailable' in the constitutional sense"). On the strength of *Crawford* and *Owens*, we hold that the victim was available for purposes of the Confrontation Clause.

With respect to the use of the victim's preliminary examination testimony at trial, *Crawford*, as indicated earlier, observed that when a declarant appears at trial and testifies on cross-examination, the Confrontation Clause does not place constraints on or bar the use of prior testimonial statements. *Crawford*, 541 US at 59 n 9. Although defendant was able to cross-examine the victim at the preliminary examination, defendant was not given the opportunity to cross-examine her *at trial* relative to the CSC II charges, at which point the victim was claiming a lack of any memory of the sexual assaults. The jury was not presented with cross-examination testimony that the substance of the claims made by the victim at the time of the preliminary examination was now no longer recalled or remembered by the victim. Defendant was thus deprived of the opportunity to potentially undermine entirely the charges of CSC II by the trial court's limitation of the victim's cross-examination at trial. See *Owens*, 484 US at 559-560. We therefore hold, relative to the second question posed in the Supreme Court's remand order, that there was indeed a Confrontation Clause violation. And under these circumstances, we cannot conclude that the Confrontation Clause infringement was harmless beyond a reasonable doubt. See *People v Shepherd*, 472 Mich 343, 348; 697 NW2d 144 (2005). Accordingly, we must vacate the two CSC II convictions.[4] However, in regard to the CSAA and computer-crime convictions, they are once again affirmed, given that defendant's inability to cross-examine the victim at trial did not have any pertinent bearing on those crimes, which were established by the videos and the testimony of others. And to the extent that cross-examination of the victim may have had any relevancy to the CSAA and computer-crime offenses, we deem any Confrontation Clause violation harmless beyond a reasonable doubt.

Finally, although we had remanded the case originally for a *Crosby* proceeding under *Lockridge*, we now remand for resentencing on the CSAA and computer-crime convictions under the advisory guidelines and the principles established in *Lockridge*, as there exists a

---

[3] In our original opinion, we had relied on MRE 804(a)(3) and *People v Garland*, 286 Mich App 1, 7; 777 NW2d 732 (2009), which indicated that the provisions concerning "unavailability" in MRE 804(a) could be employed to determine unavailability for purposes of the Confrontation Clause. We note that defendant had simply argued that the victim was available because she had feigned lack of memory and was instead refusing to testify; defendant did not argue to us that a declarant who takes the stand and claims lack of memory is "available" for purposes of the Confrontation Clause.

[4] We note that the remand order also made reference to *Van Arsdall*, 475 US at 679, but the discussion on page 679 of that opinion simply acknowledged that a trial court has wide latitude to impose reasonable limits on cross-examination. Here, the trial court's limit was not reasonable, barring any and all cross-examination on the CSC II charges.

possibility that the vacation of the CSC II convictions may affect the scoring of the sentencing variables and the exercise of the court's sentencing discretion.

Affirmed with respect to defendant's CSAA and computer-crime convictions, vacated in regard to defendant's two CSC II convictions, and remanded for resentencing. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola