*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ODELL DUESETTE,

Defendant-Appellant.

UNPUBLISHED
May 19, 2025
2:00 PM

No. 369427
Oakland Circuit Court
LC No. 2023-284346-FH

Before: GADOLA, C.J., and MURRAY and REDFORD, JJ.

PER CURIAM.

Defendant, Odell Duesette, appeals as of right his conviction after a jury trial of domestic violence, MCL 750.81(2). We affirm.

## I. FACTS

On March 3, 2023, defendant physically assaulted his spouse at their home. According to the victim, defendant arrived home in the early morning hours after being out late drinking. When he entered the couple's bedroom where the victim was sleeping, he woke the victim and began to accuse her of infidelity and to chastise her for failing to prepare his dinner. The couple argued, and the argument escalated into a physical fight in which defendant pushed and choked the victim. He eventually left the home, taking her cell phone with him. He returned a short time later. When she demanded the return of her cell phone, the defendant again assaulted the victim, throwing her over a couch and slamming her into a wall. When the victim attempted to call 911 on the home telephone, defendant smashed the phone. The victim later discovered that her cell phone also was broken, but was able to call 911 using her watch. Police officers responding to the call observed that the victim had bruises on both wrists, a cut on her left arm, a cut on her face, and several scrapes and scratches on her chest. The officers also observed a dent in the paneled wall by the couple's bed and a shattered landline telephone on the floor.

Defendant was charged with domestic violence, MCL 750.81(2), and interfering with electronic communications, MCL 750.540(5)(a). At the preliminary examination, the victim testified regarding the assault. At the conclusion of the preliminary examination, the district court bound defendant over for trial on the charges.

On the morning of trial, the victim did not appear in court. The prosecution requested to introduce into evidence the victim's testimony at the preliminary examination. The prosecution informed the trial court that a detective had attempted several times to serve the victim with a subpoena, and that the detective and the prosecutor had called and emailed the victim several times using a phone number and email address that they had used successfully prior to trial to contact the victim. The victim did not answer the door, nor did she respond to the phone messages or emails.

The trial court adjourned the trial because defendant requested substitution of counsel. Defendant's new counsel thereafter filed an objection to the introduction into evidence of the victim's preliminary examination testimony. When the proceedings resumed on the new trial date, the prosecution renewed its request to read into the record the victim's testimony at the preliminary examination. The prosecution informed the trial court of its continuing efforts to produce the victim for trial, which included attempts at personal service and repeated phone calls, but without success. The trial court found that the victim was unavailable to testify at trial and that the prosecution had exercised due diligence to produce the victim, and therefore permitted the victim's testimony from the preliminary examination to be read into the record at trial over defendant's objection. At the conclusion of trial, the jury found defendant guilty of domestic violence, but not guilty of interfering with electronic communications. The trial court sentenced defendant to 93 days in jail, with credit for time served. Defendant now appeals.

## II. DISCUSSION

Defendant contends that the trial court erred by admitting into evidence at trial the victim's preliminary examination testimony. Defendant argues that the prosecution did not demonstrate due diligence in attempting to produce the victim for trial, resulting in a violation of defendant's constitutional right to confrontation. We disagree.

We review for an abuse of discretion the trial court's decision to admit or exclude evidence, while we review preliminary questions of law de novo. *People v Zitka*, 335 Mich App 324, 332; 966 NW2d 786 (2020). We also review for an abuse of discretion a trial court's finding of due diligence by the prosecution to produce a witness. *People v Bean*, 457 Mich 677, 684; 580 NW2d 390 (1998). We review for clear error the trial court's finding that a witness was unavailable. See *People v Garland*, 286 Mich App 1, 7; 777 NW2d 732 (2009). Whether a defendant's right to confrontation has been violated is a question of constitutional law that we review de novo. *People v Bruner*, 501 Mich 220, 226; 912 NW2d 514 (2018).

Both the United States and the Michigan Constitutions guarantee the right of a criminal defendant "to be confronted with the witnesses against him . . . ." US Const, Am VI; Const 1963, art 1, § 20. The Confrontation Clause of the Sixth Amendment prohibits "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v Washington*, 541 US 36, 53-54; 124 S Ct 1354; 158 L Ed 2d 177 (2004); see also *Bruner*, 501 Mich at 227. Stated another way, the admission into evidence of preliminary examination testimony does not violate a defendant's right to confrontation if the prosecution exercised due diligence to produce the witness for trial and the testimony was sufficiently reliable. *Bean*, 457 Mich at 682-683, citing MCL 768.26, MRE 804(a)(5), and MRE 804(b)(1). MCL 768.26 provides, in relevant part:

Testimony taken at an examination, preliminary hearing, or at a former trial of the case, or taken by deposition at the instance of the defendant, may be used by the prosecution whenever the witness giving such testimony can not, for any reason, be produced at the trial, . . .

At the time of trial in this case, MRE 804(b)[1] stated, in pertinent part:

The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

(1) Testimony given as a witness at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered, . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

MRE 804(a) at that time stated, in relevant part:

"Unavailability as a witness" includes situations in which the declarant –

* * *

(5) is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means, and in a criminal case, due diligence is shown. MRE 804(a)(5).

Thus, prior testimony is admissible under MCL 768.26 and MRE 804(b)(1), and further, is not violative of the Confrontation Clause if the witness is unavailable for trial and was subject to cross-examination during the prior testimony. See *Garland*, 286 Mich App at 7. Whether a witness is unavailable under MRE 804(a)(5) is determined by whether the prosecution made a diligent, good-faith effort to locate a witness for trial. *Bean*, 457 Mich at 684. "The test is one of reasonableness and depends on the facts and circumstances of each case, i.e., whether diligent good-faith efforts were made to procure the testimony, not whether more stringent efforts would have produced it." *Id*.

In this case, the prosecution demonstrated that it made repeated, diligent efforts to produce the victim for trial. The prosecutor informed the trial court that police officers attempted repeatedly to serve the victim with a subpoena at her home prior to trial, and officers and the prosecutor repeatedly called the victim using her known phone number, leaving multiple messages, but with no response from the victim.

Defendant argues that the prosecution could have exerted greater effort to produce the victim, such as by attempting to locate the victim at her place of employment. The prosecution

---

[1] The Michigan Rules of Evidence were amended effective January 1, 2024, and MRE 804 was again amended effective April 11, 2024, and effective May 1, 2024. We cite the version of the evidentiary rules in effect at the time of defendant's trial.

was not required to exhaust all avenues to locate the victim, however. See *id*. Again, the relevant test is not whether more stringent efforts would have produced the victim for trial, but whether the methods the prosecution used to locate the victim were diligent and in good faith. Here, the prosecution demonstrated that diligent efforts were made to produce the victim for trial. The trial court did not abuse its discretion by admitting the victim's preliminary examination testimony at trial.

Affirmed.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ James Robert Redford